IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMISON,<br><br>                  Plaintiff,<br>v.<br><br>REVERE HEALTH,<br><br>                  Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S [47] MOTION TO AMEND<br><br>Case No. 2:23-cv-00869-DBB-CMR<br><br>District Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 31). Before the court is Plaintiff Kristi Dawn Jamison (Plaintiff) Motion for Leave to Amend Complaint (Motion to Amend) (ECF 47). Defendant Revere Health (Defendant) opposes this request on the grounds of futility (ECF 48), and Plaintiff filed a reply (ECF 53). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court will GRANT the Motion to Amend.

## I.    BACKGROUND

Plaintiff filed her pro se Complaint (ECF 1, ECF 5) on November 30, 2023 asserting claims for discrimination, failure to accommodate, and retaliation against Defendant. On October 9, 2024, counsel appeared on behalf of Plaintiff (ECF 28). On March 31, 2025, Plaintiff filed the Motion to Amend (ECF 47) seeking leave to amend her Complaint "to clarify her causes of action and put her Complaint in standard format" now that she is represented by counsel (ECF 47 at 1–2). Defendant does not oppose amendment of Plaintiff's discrimination and failure to accommodate claims (ECF 48 at 3). Defendant's sole objection to the Motion to Amend is to amendment of

Plaintiff's retaliation claim (*id.*). Defendant argues the proposed amendments to Plaintiff's retaliation claim are futile because she failed to exhaust her administrative remedies (*id.*). Plaintiff responds that she adequately pled the elements of retaliation before the Utah Antidiscrimination and Labor Division (UALD) (ECF 53 at 3).

## II.  LEGAL STANDARDS

"Although district courts enjoy discretion" in granting leave to amend, *Quintana v. Santa Fe Cty. Bd. of Commissioners*, 973 F.3d 1022, 1033 (10th Cir. 2020), Rule 15 instructs courts to "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of this rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

## III.  DISCUSSION

Courts "may refuse to allow amendment if it would be futile." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (quoting *Lind*, 466 F.3d at 1199). However, "it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions." *Complete Merch. Sols., LLC v. Fed. Trade Comm'n*, No. 2:19-cv-00963-HCN-DAO, 2020 WL 4192294, at *3 (D.

Utah July 21, 2020) (citing *Lambe v. Sundance Mt. Resort*, No. 2:17-cv-00011-JNP, 2018 WL 4558413, at *3 (D. Utah Sept. 21, 2018)). "Particularly where futility arguments are duplicative of arguments raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend 'plac[e]s the cart before the horse,' and '[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.'" *Id.* (quoting *Obeslo v. Great-West Capital Mgmt.*, Nos. 16-cv-0023-CMA-MJW & 16-cv-01215-CMA-MJW, 2017 WL 10591604, at *3 (D. Colo. Feb. 21, 2017)).

Here, the court finds that Defendant's futility arguments would be more properly addressed in the context of dispositive motions rather than the Motion to Amend. The court finds that factual disputes prevent the court from reaching issues relating to Plaintiff's retaliation claim at this early stage of the case. Issues of fact relating to proceedings before the UALD are more appropriately considered or resolved on a dispositive motion. The court therefore rejects Defendant's futility arguments. Although Defendant's only ground for opposing amendment is futility, the court finds that no other grounds for refusing leave to amend are applicable. Granting leave to amend would not result in undue prejudice to Defendant given that this case is in its early stages, and there is no evidence of undue delay or bad faith on the part of Plaintiff. Rather, the court agrees with Plaintiff that the proposed amendments serve to clarify her claims now that she has obtained counsel. Accordingly, the court concludes that justice requires granting Plaintiff leave to amend.

## IV.     CONCLUSION AND ORDER

For the foregoing reasons, the court hereby GRANTS Plaintiff's Motion to Amend (ECF 47). Plaintiff shall file an Amended Complaint within seven (7) days.

IT IS SO ORDERED.

DATED this 23 June 2025.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah